Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Tampa Division

FILED
2019 MAY 22  AM 11: 17
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

Case No. 8:19cv 1256 T 17 AAS
(to be filled in by the Clerk's Office)

Sharika Michelle Washington
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

The Bancorp Bank
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Jury Trial: (check one) ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Sharika Michelle Washington |
   | Street Address | 21607 Draycott Way |
   | City and County | Land O Lakes (Pasco County) |
   | State and Zip Code | Florida 34637 |
   | Telephone Number | 813-624-1259 |
   | E-mail Address | swashing@mail.usf.edu |

TPA-56671
$400

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: The Bancorp Bank
- Job or Title *(if known)*:
- Street Address: 409 Silverside Road #105
- City and County: Wilmington (New Castle County)
- State and Zip Code: Delaware 19809
- Telephone Number: 302-385-5000
- E-mail Address *(if known)*:

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:

| | |
|---|---|
| Telephone Number | |
| E-mail Address *(if known)* | |

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | The Bancorp Bank |
| Street Address | 5405 Cypress Center Drive Suite 100 |
| City and County | Tampa (Hillsborough County) |
| State and Zip Code | 33609 |
| Telephone Number | 813-287-1949 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:
Civil Rights Act of 1866 (Section 1981), Family Medical Leave Act of 1993

☒ Relevant state law *(specify, if known)*:
Florida Civil Rights Act of 1992

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: Interference and retaliation pursuant to FMLA, Tortious Interference with Employment, Defamation

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) 2017-2019

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race — African American/Black
- ☐ color
- ☒ gender/sex — Female
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

While I understand that The Bancorp Bank ("the Bank") contends that my separation was due to the Tampa location closing, the crux of my claims is based on how the Bank treated me in the wake of the announcement of the office closing and up to my termination date. Prior to the announcement of the office closings, in February 2018, I rebuffed sexual advances of Isaias Lima, Deputy Director, Financial Crimes Risk Management, and Greg Garry, Chief Risk Officer, which led to me complaining about and objecting to the sexually harassing behavior to Human Resources.

After I engaged in this protected activity, the Bank took several adverse actions against me in retaliation of my complaints and to further discriminate against me on the basis of my race and gender. For example:

Despite knowing I called out sick on March 6, 2018, the Bank accused me of job abandonment and stealing my company-issued laptop and threatened not to pay my $15,000.00 retention bonus incentive. I ultimately had to retain an attorney to defend against these actions and ensure payment of my retention bonus, which only exacerbated my medical conditions.

Once the office closing were announced, the Bank treated me differently than my non-African American/Black male counterparts (Kelly Dixon and Jesus Marin) and my male direct reports (Gerardo Morales and Brent Fleming). Specifically, the Bank denied me a salary increase and relocation package similar to what the Bank offered these non-African American/Black male employees who had not engaged in protected activity.

In March 2018, while out under the Florida Medical Leave Act ("FMLA"), I further learned that the Bank hired armed guards and Tampa Police to man the office for several weeks because it deemed me as a security threat. The Bank told my co-workers that I was armed and dangerous and a threat to them, which was not based in fact. Notably, I worked for the Bank for over a year and a half and during that time, there was no indication or evidence of violence. Not only did the Bank lack any legitimate or objective basis for stating that I was armed and dangerous, publishing these false statements to my peers was defamatory. Further, I believe the Bank made these dubious conclusions and statements based on a 15-year old criminal record--which in and of itself is an unlawful stereotype. Thus, it appears that the Bank's real reason for its unlawful and defamatory statements was to retaliate and further discriminate against me.

The Bank also did not extend my separation date from May 1, 2018 to August 1, 2018 (or later) as it had for other employees who had not engaged in protected activity and were also affected by the alleged office closing. This caused me to lose at least three months of lost wages and benefits, as well as an additional retention incentive and separation benefits.

To make matters worse, after my termination, I lost a lucrative job opportunity when it came down to checking my employment references, which I believe was the result of false and retaliatory statements made by the Bank to my prospective employer about my criminal background. Such statements exceed the purview of the Bank's qualified privilege under Florida Statute Section 768.095.

As a result of the Bank's actions, I have suffered lost wages and benefits caused by the loss of my employment as well as my lost job opportunities. However, it is the emotional toll that has had the greatest impact on me. I am humiliated by the Bank's actions to portray me as a violent criminal, which has severely harmed my reputation among my co-workers and in the financial services industry. I continue to experience undue stress, anxiety and depression, and my treating healthcare providers attribute these physical manifestations directly to how the Bank treated me.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

07/13/2018

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* _____.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I would like to recover economic and non-economic damages for the emotional distress caused as well as harm to my reputation, in addition to punitive damages. I continue to experience undue stress, anxiety and depression, and my treating healthcare providers attribute these physical manifestations directly to how the Bank treated me.

Emotional Distress - $300,000
Lost Wages - $390,000
Attorney Fees - Amount unknown until an attorney is retained

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   5/21/2019

Signature of Plaintiff   *Sharika M. Washington* (signature)
Printed Name of Plaintiff   Sharika M Washington

### B. For Attorneys

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Street Address   _____
State and Zip Code   _____
Telephone Number   _____
E-mail Address   _____